UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

**Present: The Honorable   CHRISTINA A. SNYDER**

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
S. David Sedaghat, Pro Se  
(by telephone)

Attorneys Present for Defendants:  
Jasmin Yang, AUSA  
Brendan Porter

**Proceedings:** ZOOM HEARING RE: FEDERAL DEFENDANTS' MOTION TO DISMISS (Dkt. 7, filed on December 20, 2024)

DEFENDANTS CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS'S AND CALIFORNIA FRANCHISE TAX BOARD'S MOTION TO DISMISS (Dkt. 9, filed on December 26, 2024)

PLAINTIFF'S MOTION TO REMAND (Dkt. 13, filed on January 20, 2025)

## I.   INTRODUCTION

On October 22, 2024, plaintiff S. David Sedaghat ("Sedaghat"), appearing *in pro per*, filed this action in Los Angeles County Superior Court against the following defendants: the United States Department of Health and Human Services ("HHS"); the United States Trustee Program ("USTP"); the California Department of Consumer Affairs; the California Franchise Tax Board; Jerry Roles; SAVA SeniorCare Administrative Services, LLC; SSCTOC Assignment for the Benefit of Creditors LLC ("SSCTOC");[1] Tarzana Health and Rehabilitation; SSC Tarzana Operating Company, LP LLC; SSC Equity Holdings LLC; Jonathan J. Wernick; and Does 1-50.  Dkt. 1-4

---

[1] Although not fully identified by plaintiff, it appears that defendant SSCTOC is the assignee of the assets of defendant SSC Tarzana Operating Company, LP LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

("Compl."). The Court refers to HHS and USTP as the "Federal Defendants," the California Department of Consumer Affairs and the California Franchise Tax Board as the "State Defendants," and the remaining defendants as the "individual and SAVA defendants."[2] Sedaghat asserts eight claims: (1) negligence; (2) fraud; (3) conspiracy; (4) public endangerment; (5) unjust enrichment; (6) breach of fiduciary duty; (7) violation of the Uniform Fraudulent Transfer Act, Cal. Civ. Code § 3439 *et seq.*; and (8) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968.[3] Id. Sedaghat seeks to represent a class of all those who have been affected by defendants' actions and requests both damages and injunctive relief. Id. at 3, 6.

On December 18, 2024, the Federal Defendants removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1). Dkt. 1 ¶ 2.

As an initial matter, the Court acknowledges that this case appears to be related to another pending case in Los Angeles County Superior Court. In a written statement submitted the morning of oral argument, plaintiff clarified that the related case that remains in Los Angeles County Superior Court is S. David Sedaghat v. Sava Seniorcare Administrative Services, LLC, et al., Case No. 23STCV26363 ("State Court Case"). It appears that counsel for two of the defendants in the State Court Case, who are also defendants in the present case (Jonathan J. Wernick and SSCTOC), filed a notice of related case in Los Angeles County Superior Court on December 20, 2024. Dkt. 13, Ex. B. Plaintiff cites to the notice of related case in support of his argument that the case should be remanded, because not all of the defendants have agreed to removal. Dkt. 13 at 3. The State Court Case appears to be against the individual and SAVA defendants for fraud, conspiracy, and violation of the Uniform Fraudulent Transfer Act, Cal. Civ. Code § 3439 *et seq.* Additionally, the Court acknowledges a third case, Nasser Sedaghat v. Tarzana Health and Rehabilitation Center, Case No. BC700483, which is a wrongful death action pending in Los Angeles County Superior Court. Taken together, it appears

---

[2] Plaintiff refers to "all individual and SAVA defendants" repeatedly in his complaint, and the Court infers that this group includes all named defendants other than the Federal and State Defendants.

[3] It appears that only the first and fourth claims are asserted against the Federal and State Defendants. Compl. at 4-5. The second, third, fifth, seventh, and eighth claims are asserted against all other defendants, while the sixth claim is only against Jonathan J. Wernick. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

to the Court that plaintiff is seeking recovery for the alleged wrongful death of Nasser Sedaghat against the individual and SAVA defendants. In the State Court Case, plaintiff appears to assert that due to the individual and SAVA defendants' fraudulent and conspiratorial activity, if plaintiff recovers in the wrongful death action, the individual and SAVA defendants' assets will be insufficient to compensate him, as the alleged conduct and the assignment for the benefit of creditors has made the individual and SAVA defendants' judgment-proof. In the instant case, plaintiff has also sued the Federal and State Defendants for their failure to investigate the individual and SAVA defendants for their allegedly negligent, fraudulent, conspiratorial, and racketeering activities.

On December 20, 2024, the Federal Defendants filed a motion to dismiss. Dkt. 7 ("MTD 1"). On December 26, 2024, the State Defendants also filed a motion to dismiss. Dkt. 9 ("MTD 2"). On February 11, 2025, plaintiff filed an opposition to the Federal Defendants' motion to dismiss. Dkt. 21 ("MTD Opp."). As of the date of this order, neither the Federal Defendants nor the State Defendants have filed a reply.

On January 20, 2025, plaintiff filed a motion to remand the case to Los Angeles County Superior Court, enabling the present case and the State Court Case to both be tried before the Los Angeles County Superior Court. Dkt. 13 ("MTR"). On February 3, 2025, the Federal Defendants filed an opposition. Dkt. 19 ("MTR Opp."). On February 19, 2025, plaintiff filed a reply. Dkt. 22 ("MTR Reply"). As of the date of this order, no other defendant has opposed the motion to remand.

On February 24, 2025, the Court held a hearing. Counsel for the individual and SAVA defendants was not present, but plaintiff, counsel for the Federal Defendants, and counsel for the State Defendants appeared before the Court. Presently before the Court are the Federal Defendants' and State Defendants' motions to dismiss, as well as plaintiff's motion to remand. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

## II. BACKGROUND

### A. The Parties

Plaintiff alleges that he is an individual and a plaintiff in a pending wrongful death action before the Los Angeles County Superior Court, Case No. BC700483, against defendant SSC Tarzana Operating Company, LP LLC. Compl. at 2.

Plaintiff asserts that defendants HHS and USTP are divisions of the United States Department of Justice. Id. Plaintiff alleges that defendant California Department of Consumer Affairs is a state regulatory agency, while defendant California Franchise Tax Board is a state agency responsible for overseeing bankruptcies, including assignments for the benefit of creditors. Id.

Plaintiff contends that defendant Jerry Roles ("Roles") is the Chief Executive Officer of SAVA Seniorcare Administrative Services, LLC. Id. According to plaintiff, defendants SAVA SeniorCare Administrative Services, LLC; SSCTOC; Tarzana Health and Rehabilitation; SSC Tarzana Operating Company, LP LLC; and SSC Equity Holdings LLC (defined collectively by plaintiff as "SAVA") are the owners, operators, equity holders, and assignment holders for SAVA. Id. Plaintiff alleges that defendant Jonathan J. Wernick ("Wernick") is the owner and operator of SSCTOC. Id.

Plaintiff asserts that Does 1-20 are additional United States or California agencies with oversight and investigative responsibilities over SAVA. Id. Plaintiff further asserts that Does 21-40 are owners, operators, and equity holders of SAVA, and that Does 41-50 are additional defendants that may become evident through further discovery. Id. at 2-3.

### B. The Allegations

Plaintiff brings this action on behalf of a proposed class, the members of which include "all those who have been [a]ffected by [d]efendants' action[s] and who may have a claim of [e]lder [a]buse, [f]raud and [w]rongful [d]eath against SAVA, and those [to whom] the government agencies owe [a] duty to protect." Id.

Plaintiff asserts that SAVA and its related entities and individuals operate rehabilitation and elder care facilities. Id. The thrust of plaintiff's allegations is that SAVA and its related entities entered into an agreement to defraud those who may have a

Case 2:24-cv-10884-CAS-PD   Document 24   Filed 02/24/25   Page 5 of 13   Page ID #:178

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

claim of elder abuse or wrongful death against them. Id. According to plaintiff, SAVA and its related entities prevented claimants from pursuing court action or collecting judgments against them through an assignment for the benefit of creditors to SSCTOC. Id. Pursuant to the assignment, plaintiff alleges that SSC Tarzana Operating Company, LP LLC transferred ownership of all of its rights in tangible and intangible assets to SSCTOC for liquidation. Id. at 7.

Plaintiff asserts that HHS, USTP, the California Department of Consumer Affairs, and the California Franchise Tax Board owed a duty of care to all California residents to properly investigate, deter, and punish SAVA's fraud and abuse. Id. at 4. Plaintiff further alleges that they failed to satisfy this duty because they agreed to impose financial sanctions against SAVA, instead of "a more effective method of deterrence." Id. According to plaintiff, HHS, USTP, the California Department of Consumer Affairs, and the California Franchise Tax Board continue to fail to properly investigate SAVA's assignment for the benefit of creditors to SSCTOC, which wrongly "circumvent[s]" bankruptcy proceedings. Id.

Plaintiff alleges that the actions of SAVA, Roles, Wernick, HHS, USTP, the California Department of Consumer Affairs, and the California Franchise Tax Board endanger the public, especially the patients and residents at SAVA's facilities. Id. at 5. Plaintiff further alleges that SAVA, Roles, and Wernick have been unjustly enriched by their actions. Id. According to plaintiff, Wernick, as manager of SSCTOC, breached his fiduciary duty by executing defendants' fraud, and SAVA, Roles, and Wernick created SSCTOC with the intent to defraud. Id. Plaintiff requests injunctive relief to compel the government agencies to investigate SAVA's activities and to dissolve SSCTOC in order to transfer SAVA's assets to its elder abuse and wrongful death claimants. Id.

## III.  LEGAL STANDARD

### A.  Rule 12(b)(6) Motion

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                          'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### B.     Rule 12(b)(1) Motion

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action.  This defect may exist despite the formal sufficiency of the allegations in the complaint.  T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964).  When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction.  Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous.  See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

### C.     Motion to Remand

A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal.  When there are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

## IV. DISCUSSION

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007). Accordingly, the Court will first decide the threshold question of its jurisdiction under plaintiff's motion to remand, and then address defendants' motions to dismiss.

### A. Motion to Remand

Plaintiff first argues that remand is warranted because this case is related to another state court case, which has been pending for two years, and the two cases should be consolidated in state court to avoid parallel litigation. MTR at 2. Plaintiff contends that some defendants, including Wernick and SSCTOC, have already filed a notice of related case in state court. Id. at 3; Ex. B. Further, plaintiff contends that the instant case has motions pending in state court, with hearings scheduled for April 2025. Id. at 2, Ex. C. Additionally, plaintiff argues that remand is appropriate because state law predominates, and by acting in these matters, the Federal Defendants have "availed themselves" of the state court's jurisdiction. Id. at 2. Finally, plaintiff asserts that removal was improper because not all of the defendants agreed to it. Id. at 3.

In opposition, the Federal Defendants argue that removal was proper under 28 U.S.C. § 1442(a)(1) ("section 1442"), which enables a federal agency to remove a case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

when it has colorable federal law defenses, such as the doctrine of sovereign immunity. MTR Opp. at 1. Further, the Federal Defendants dispute plaintiff's arguments that all defendants were required to consent to removal, because the consent requirement of 28 U.S.C.§1446(b)(2) does not apply to removals under section 1442. Id. at 3. The Federal Defendants acknowledge plaintiff's concerns about judicial economy and the related state court case and note that they do not object to remand following their dismissal. Id.

In reply, plaintiff argues that the Federal Defendants "ignore" the related case in Los Angeles County Superior Court and have not established that removal is necessary. Reply at 1-2.

The Court finds that the Federal Defendants' removal was proper pursuant to Section 1442. It states, in pertinent part:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity…

28 U.S.C. § 1442(a)(1). "A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006). "Courts afford § 1442 a generous and liberal construction, interpreting the statute "broadly in favor of removal," to vindicate the government's interest in "preserving its own existence." DeFiore v. SOC LLC, 85 F.4th 546, 553 (9th Cir. 2023).

Here, the entities that sought removal—HHS and USTP—are federal agencies, and the plain language of section 1442(a)(1) allows federal agencies to remove any civil action brought against them. Further, there is a "causal nexus" between these agencies' actions and plaintiff's claims, as plaintiff alleges that HHS and USTP failed to properly investigate, deter, and punish SAVA's alleged fraud and abuse. Finally, the Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

Defendants can assert the "colorable federal defense" of sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). While it does not appear that the other defendants joined in or consented to the Federal Defendants' removal, this requirement does not apply to removals under section 1442. See 28 U.S.C. § 1446(2)(A) ("When a civil action is removed *solely under section 1441(a)*, all defendants who have been properly joined and served must join in or consent to the removal of the action.") (emphasis added).

Accordingly, the Court finds that the Federal Defendants' removal was proper and therefore denies plaintiff's motion to remand. See also Boules v. United States, No. 23-CV-08891-CBM-PVCX, 2024 WL 751003, at *2 (C.D. Cal. Feb. 21, 2024) (same).

### B. Motions to Dismiss

The Federal Defendants argue that dismissal is warranted because (1) plaintiff fails to demonstrate a waiver of sovereign immunity and therefore the Court lacks subject matter jurisdiction; and (2) even if the Court had subject matter jurisdiction, plaintiff fails to comply with Federal Rule 8 of Civil Procedure. MTD 1 at 2-5. The State Defendants argue that (1) plaintiff's claims are barred by sovereign immunity and state immunities; (2) the complaint is insufficiently specific to state a claim or establish standing; and (3) plaintiff is not entitled to an injunction or any affirmative relief. MTD 2 at 8-13. The Court discusses each argument in turn.

#### 1. Immunities

The Federal Defendants argue that this Court lacks subject matter jurisdiction because plaintiff fails to meet his burden of demonstrating a waiver of sovereign immunity, which "shields the Federal Government and its agencies from suit." MTD 1 at 2. (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)). Even construing plaintiff's claim under the Federal Tort Claims Act ("FTCA"), the Federal Defendants argue that dismissal is warranted because the FTCA only allows claims against the United States, not federal agencies. Id. at 3. Further, the Federal Defendants contend that the FTCA only waives the sovereign immunity of the United States for tort actions filed in federal court, and the instant case was originally filed in state court. Id. Under the doctrine of derivative jurisdiction, the Federal Defendants therefore assert that the lack of subject matter jurisdiction in state court divests this Court of jurisdiction. Id. at 4.

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

In opposition, plaintiff argues that there is an implied waiver of sovereign immunity where a plaintiff seeks equitable relief instead of monetary damages. MTD Opp. at 2. Plaintiff contends that this waiver is not restricted to suits under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 ("section 702"), but then appears to continue making arguments related to the APA. Id. Additionally, plaintiff contends that judicial review is the only adequate remedy because this is a case of public importance. Id. at 3. Plaintiff asserts that the APA also waives all prudential limitations on standing. Id. Plaintiff next argues that without discovery, his constitutional due process rights may be denied, and then requests leave to amend his complaint. Id. at 4.

The Court finds that the claims against the Federal Defendants must be dismissed on the basis of sovereign immunity. Construing plaintiff's *pro se* complaint liberally, it appears that plaintiff's negligence and public endangerment claims against the Federal Defendants could arise under the FTCA. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("[W]e continue to construe *pro se* filings liberally when evaluating them under Iqbal."). Through the FTCA, the United States has waived its sovereign immunity for injuries arising from the tortious acts or omissions of the United States, its agents, and employees. 28 U.S.C. §§ 1346(b), 2674. "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies, an agency itself cannot be sued under the FTCA." F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998). Here, plaintiff asserts claims of negligence and public endangerment against two federal agencies: HHS and USTP. As an initial matter, the Court is not aware of the existence of a state tort law cause of action for public endangerment. As for plaintiff's negligence claim, the Court finds that the Federal Defendants, as federal agencies, are not proper defendants under the FTCA.

In opposition, plaintiff appears to argue that his claims against the Federal Defendants arise under the APA. MTD Opp. at 2-3. However, the Court finds that plaintiff has not stated a claim under the APA, and that even if he had, section 702 does not waive sovereign immunity for his specific claims. The APA waives sovereign immunity for a plaintiff's claims "only if three conditions are met: (1) its claims are not for money damages, (2) an adequate remedy for its claims is not available elsewhere and (3) its claims do not seek relief expressly or impliedly forbidden by another statute." Tucson Airport Auth. v. Gen. Dynamics Corp., 136 F.3d 641, 645 (9th Cir. 1998). Here, plaintiff's claim for injunctive relief against the Federal Defendants is barred by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

FTCA, because the FTCA's waiver of sovereign immunity extends only to monetary, and not injunctive relief. See also Garcia v. Unknown Parties, No. CIV 23-468-TUC-CKJ, 2024 WL 1619370, at *6 (D. Ariz. Apr. 15, 2024) (finding that the FTCA prohibited plaintiff's tort claims against federal entities under the APA, while noting it was "not aware of any authority that recognizes a waiver of the United States' sovereign immunity for claims alleging tortious conduct and seeking declaratory or injunctive relief.").

Accordingly, plaintiff has not demonstrated a waiver of sovereign immunity and Federal Defendants are shielded from this suit. See Craft, 157 F.3d at 707 ("The FTCA's waiver of sovereign immunity is strictly construed in favor of the sovereign, and we may not enlarge its waiver beyond what the statute requires."). In his written statement submitted the morning of oral argument, plaintiff stated that "the agency name may be replaced with United States." At oral argument, the Court indicated that plaintiff would be required to seek leave to amend his claim to change his theory of liability against the Federal Defendants. Plaintiff requested 20 days to file a motion for leave to amend. The Court directs plaintiff to file a motion for leave to amend his complaint to sue the United States pursuant to the FTCA no later than March 17, 2025. The Court directs plaintiff to submit a proposed amended complaint with his motion.

### C. Jurisdiction Over Remaining Claims

At oral argument, the Court inquired as to whether it should decline to exercise jurisdiction over plaintiff's claims against the State Defendants, in the event the Court were to find that there is no basis for plaintiff to amend his claims against the Federal Defendants, or alternatively, if the Court were to dismiss the claims against the Federal Defendants. Counsel for the State Defendants responded that their preference would be for the Court to remand the claims against them to Los Angeles County Superior Court. Counsel for the State Defendants also asserted that the RICO claim was not made against them, but even if it was, the Eleventh Amendment would prevent plaintiff from proceeding against the State Defendants in federal court. Counsel for the individual and SAVA defendants was not present.

The Court finds that this matter is better decided after the issue of the Federal Defendants' immunity is resolved, when the Court decides plaintiff's motion for leave to amend his complaint. The Court therefore reserves judgment on the State Defendants' motion to dismiss and its jurisdiction over any claims not asserted against the Federal Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10884-CAS-PDx | Date | February 24, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to remand. The Court **GRANTS** the Federal Defendants' motion to dismiss. The Court **RESERVES JUDGMENT** on the State Defendants' motion to dismiss. The Court directs plaintiff to file a motion for leave to amend his complaint to assert an FTCA claim against the United States no later than March 17, 2025. The Court further directs plaintiff to submit a proposed amended complaint with his motion.

IT IS SO ORDERED.

|  | 00 : 19 |
|---|---|
| Initials of Preparer | CMJ |