UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Miriam Veliz-Baird | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
S. David Sedaghat, Pro Se
(By Telephone)

Attorneys Present for Defendants:
Jasmine Yang, AUSA
Brendan Porter

**Proceedings:** ZOOM HEARING RE: PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (Dkt. 32, filed on March 24, 2025)

## I. INTRODUCTION

On October 22, 2024, plaintiff S. David Sedaghat ("Sedaghat" or "plaintiff"), appearing *in pro per*, filed this action in Los Angeles County Superior Court against the following defendants: the United States Department of Health and Human Services ("HHS"); the United States Trustee Program ("USTP"); the California Department of Consumer Affairs; the California Franchise Tax Board; Jerry Roles; SAVA SeniorCare Administrative Services, LLC; SSCTOC Assignment for the Benefit of Creditors LLC ("SSCTOC");[1] Tarzana Health and Rehabilitation; SSC Tarzana Operating Company, LP LLC; SSC Equity Holdings LLC; Jonathan J. Wernick; and Does 1-50. Dkt. 1-4 ("Compl."). The Court refers to HHS and USTP as the "Federal Defendants," the California Department of Consumer Affairs and the California Franchise Tax Board as the "State Defendants," and the remaining defendants as the "individual and SAVA defendants."[2] Sedaghat asserted eight claims: (1) negligence; (2) fraud; (3) conspiracy; (4) public endangerment; (5) unjust enrichment; (6) breach of fiduciary duty; (7) violation of the Uniform Fraudulent Transfer Act, Cal. Civ. Code § 3439 *et seq.*; and (8)

---

[1] Although not fully identified by plaintiff, it appears that defendant SSCTOC is the assignee of the assets of defendant SSC Tarzana Operating Company, LP LLC.

[2] Plaintiff refers to "all individual and SAVA defendants" repeatedly in his complaint and proposed first amended complaint, and the Court infers that this group includes all named defendants other than the Federal and State Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O' JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. Id.

On December 18, 2024, the Federal Defendants removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1). Dkt. 1 ¶ 2. On December 20, 2024, the Federal Defendants filed a motion to dismiss. Dkt. 7. On December 26, 2024, the State Defendants also filed a motion to dismiss. Dkt. 9.

On February 24, 2025, the Court dismissed the claims against the Federal Defendants on the basis of sovereign immunity and directed plaintiff to file a motion for leave to amend his complaint to assert a claim against them under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. Dkt. 24 at 12. The Court reserved judgment on the State Defendants' motion to dismiss, finding that it was better decided after the issue of the Federal Defendants' immunity was resolved. Id.

The Court acknowledges that this case appears to be related to two pending cases in Los Angeles County Superior Court, as set forth in the Court's February 24, 2025 order. See dkt. 24 at 2-3.

On March 24, 2025, plaintiff filed the instant motion for leave to amend his complaint. Dkt. 32 ("Mot."). Plaintiff attached his proposed first amended complaint as an exhibit. Dkt. 32, Ex. A ("PFAC"). The PFAC names the United States instead of the Federal Defendants and the State of California instead of the State Defendants. Id. at 1. It asserts nine claims: (1) negligence; (2) "dereliction of duty to implement and hold responsible abuse in rehab facilities"; (3) wrongful death; (4) fraud; (5) conspiracy; (6) unjust enrichment; (7) breach of fiduciary duty; (8) violation of the Uniform Fraudulent Transfer Act; and (9) violation of RICO.[3] Id. Because the PFAC regularly references "class members," it appears that Sedaghat continues to seek to represent a class of all

---

[3] While not entirely clear, it appears from the motion and the PFAC that the negligence claim and the dereliction of duty claim are asserted against the United States and the State of California; the wrongful death claim is asserted against the United States; the breach of fiduciary duty claim is asserted against Jonathan J. Wernick "and any other individual or entity that during [the] course of this litigation [is] found to have had a Fiduciary Duty to any class member"; and the fraud, conspiracy, and unjust enrichment claims are asserted against "all individual and SAVA defendants." PFAC at 3-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

those who have been affected by defendants' actions, but the paragraph titled "Class Action" in the original complaint has been removed. Id. at 2, 4-6.

On April 4, 2025, the State Defendants filed an opposition to plaintiff's motion for leave to amend. Dkt. 34 ("State Opp."). On April 7, 2025, the Federal Defendants also filed an opposition. Dkt. 35 ("Fed. Opp."). Plaintiff has not filed a reply. On April 24, 2025, plaintiff filed a notice of related cases, in which he appears to argue that the present case and one of his pending cases in Los Angeles County Superior Court should be "deemed related, and possibly consolidated," and should be litigated before the same court. Dkt. 37 at 2. On April 25, 2025, plaintiff filed a declaration in support of his motion.[4] Dkt. 38. On April 28, 2025, plaintiff submitted a written "hearing statement."

On April 28, 2025, the Court held a hearing. Plaintiff's motion for leave to amend his complaint is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts in his PFAC.

### A. The Parties

Plaintiff alleges that he is an individual and a plaintiff in a pending wrongful death action before the Los Angeles County Superior Court, Case No. BC700483, against the "individual and SAVA defendants." PFAC at 2.

Plaintiff asserts that the United States of America is sued "on behalf of" HHS, USTP, and the United States Department of Justice. Id. Plaintiff states that the State of

---

[4] To the extent that plaintiff argues in his notice and his declaration that the state court action at issue, S. David Sedaghat v. Sava Seniorcare Administrative Services, LLC, et al., Case No. 23STCV26363, should be removed to this Court, the Court notes that only defendants can remove cases. See 28 U.S.C. § 1441(a); Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."). Furthermore, plaintiff has not established complete diversity of citizenship in that action. While he asserts that the "primary domicile" of SAVA is Georgia, he does not address the citizenships of any of the other named defendants. See dkt. 37 at 2; dkt. 38 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

California is sued "on behalf" of the California Department of Consumer Affairs and the California Franchise Tax Board. Id.

Plaintiff contends that defendant Jerry Roles ("Roles") is the Chief Executive Officer of SAVA Seniorcare Administrative Services, LLC. Id. According to plaintiff, defendants SAVA SeniorCare Administrative Services, LLC; SSCTOC; Tarzana Health and Rehabilitation; SSC Tarzana Operating Company, LP LLC; and SSC Equity Holdings LLC (defined collectively by plaintiff as "SAVA") are the owners, operators, equity holders, and assignment holders for SAVA. Id. Plaintiff alleges that defendant Jonathan J. Wernick ("Wernick") is the owner and operator of SSCTOC. Id.

Plaintiff asserts that Does 1-20 are additional United States or California agencies with oversight and investigative responsibilities over SAVA. Id. Plaintiff further asserts that Does 21-40 are owners, operators, and equity holders of SAVA, and that Does 41-50 are additional defendants that may become evident through further discovery. Id. at 2-3.

### B. The Allegations

Plaintiff asserts that SAVA and its related entities and individuals operate rehabilitation and elder care facilities. Id. at 3. The thrust of plaintiff's allegations is that SAVA and its related entities entered into an agreement to defraud those who may have a claim of elder abuse or wrongful death against them. Id. According to plaintiff, SAVA and its related entities prevented claimants from pursuing court action or collecting judgments against them through an assignment for the benefit of creditors to SSCTOC. Id. Pursuant to the assignment, plaintiff appears to allege that SSC Tarzana Operating Company, LP LLC transferred ownership of all of its rights in tangible and intangible assets to SSCTOC for liquidation. Id.

Plaintiff asserts that HHS, USTP, the California Department of Consumer Affairs, and the California Franchise Tax Board owed a duty of care to all California residents to properly investigate, deter, and punish SAVA's fraud and abuse. Id. at 4. Plaintiff alleges that they failed to satisfy this duty and therefore exposed plaintiff and class members to "abuse and endangerment." Id. Plaintiff further alleges that they failed to satisfy this duty because they agreed to impose financial sanctions against SAVA, instead of "a more effective method of deterrence." Id. According to plaintiff, HHS, USTP, the California Department of Consumer Affairs, and the California Franchise Tax Board

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

continue to fail to properly investigate SAVA's assignment for the benefit of creditors to SSCTOC, which wrongly "circumvent[s]" bankruptcy proceedings. Id.

Plaintiff alleges that the actions of SAVA, Roles, Wernick, HHS, USTP, the California Department of Consumer Affairs, and the California Franchise Tax Board endanger the public, especially the patients and residents at SAVA's facilities. Id. Plaintiff asserts that the individual and SAVA defendants have conspired to defraud the public, their creditors, and the government through SAVA's treatment of patients and abuse of the tax and bankruptcy system. Id. at 4-5. Plaintiff next alleges that SAVA, Roles, and Wernick have been unjustly enriched by their actions. Id. at 5. According to plaintiff, Wernick, as manager of SSCTOC, breached his fiduciary duty by executing defendants' fraud, and SAVA, Roles, and Wernick created SSCTOC with the intent to defraud. Id. Plaintiff requests injunctive relief to compel the government agencies to investigate SAVA's activities and to dissolve SSCTOC in order to transfer SAVA's assets to its elder abuse and wrongful death claimants. Id.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'  JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### IV. DISCUSSION

Plaintiff seeks leave to amend his complaint and file the attached PFAC. Mot. at 1. Plaintiff argues that the PFAC replaces the Federal Defendants with the United States and the State Defendants with the State of California, in order to assert a claim under the FTCA, and also adds a wrongful death claim against the United States. Id. at 2. Plaintiff contends that leave to amend is in the interest of justice because it will allow the Court to have "all the necessary facts and proper defendants before it to fairly and accurately resolve the case." Id.

#### A. Proposed Claims Against the Federal Defendants

In opposition, the Federal Defendants first contend that plaintiff has not alleged administrative exhaustion, which is a jurisdictional prerequisite to any FTCA tort claim against the United States. Fed. Opp. at 2. The Federal Defendants assert that the PFAC does not mention the administrative exhaustion requirement, and that any opportunity to amend it would be futile. Id. at 3. As for USTP, the Federal Defendants state that no administrative claim has been filed. Id. As for HHS, the Federal Defendants assert that an administrative claim was received on March 17, 2025, but this claim does not satisfy the exhaustion requirement because it was received after the complaint was filed. Id.

Second, the Federal Defendants contend that decisions concerning whether to commence investigations—like one of SAVA—are barred from review under the FTCA's discretionary function exception, which is an exception to its waiver of sovereign immunity. Id. at 4. The Federal Defendants contend that a decision on whether or not to investigate or prosecute a private entity is committed to an agency's discretion. Id. at 5. The Federal Defendants argue that applicable statutes provide HHS with "ample enforcement discretion while delegating investigative activities to states,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

and that similarly, USTP has discretion to supervise the administration of cases "whenever the United States trustee considers it to be appropriate." Id. at 5-6. Next, the Federal Defendants argue that their investigative and prosecutorial functions involve policy judgments. Id. at 6. Assuming *arguendo* that the alleged activities were within their purview, the Federal Defendants argue that these activities involve the balancing of potential risks and practical considerations, like an agency's limited funds and competing priorities, and are therefore matters of policy. Id. at 7.

Third, the Federal Defendants assert that the PFAC fails to allege federal subject matter jurisdiction because it is implausible and unintelligible. Id. at 8. According to the Federal Defendants, the PFAC does not identify the rehabilitation facility at issue or provide any specific information on the alleged abuse or fraud, how HHS should have "punish[ed]" the facility, and how USTP could be involved, given that it is only involved in bankruptcy proceedings, not state court assignment for the benefit of creditors proceedings. Id. at 8-9. Further, because the allegations are "so vague, confusing, and conclusory," the Federal Defendants argue that they do not comply with Rule 8. Id. at 9.

The Court finds that plaintiff's proposed amendments to his claims against the Federal Defendants would be futile, and therefore, leave to amend must be denied. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile"). The Court finds that plaintiff's claims in the PFAC are barred by sovereign immunity because they fall into the Federal Defendants' discretionary functions.[5] The discretionary function exception provides that the government has not waived immunity for:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

---

[5] The Court does not reach the administrative exhaustion issue. Assuming *arguendo* that plaintiff's apparent failure to exhaust his claims administratively before filing the instant complaint could be cured by amendment, his proposed FTCA claims would be barred by the discretionary function exception.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

28 U.S.C. § 2680(a). "Where the [discretionary function] exception applies, the court lacks subject matter jurisdiction." GATX/Airlog Co. v. United States, 286 F.3d 1168, 1173 (9th Cir. 2002). "The Supreme Court has prescribed a two-part test for determining whether the discretionary function exception applies. First, courts are to ask whether the challenged action was a discretionary one—that is, it must involve an element of judgment or choice." Gonzalez v. United States, 814 F.3d 1022, 1027 (9th Cir. 2016) (citations and quotations omitted). Second, "[i]f the conduct involves an element of judgment, the court then determines whether that judgment is of the kind that the discretionary function exception was designed to shield. The focus of this second step is… on the nature of the actions taken and on whether they are susceptible to policy analysis. The decision need not actually be grounded in policy considerations so long as it is, by its nature, susceptible to a policy analysis." Id. at 1027–28.

    The Court finds that the Federal Defendants have met their burden of demonstrating that both prongs of this test are satisfied. Plaintiff's PFAC alleges that the Federal Defendants failed to satisfy their duty to "properly investigate, deter[,] and punish activities of the individual and SAVA defendants." PFAC at 3. Plaintiff therefore asserts that they are liable for negligence for violating this duty of care to all California residents and exposing plaintiff and class members to abuse and endangerment. Id. at 4. Further, plaintiff asserts that they are liable for "[d]ereliction of duty to implement and hold responsible abuse in rehab facilities," and that the United States is liable for wrongful death. Id. Each of these allegations appears to be based on the Federal Defendants' investigatory and prosecutorial functions and their failure to investigate SAVA's rehabilitation facilities and SAVA's assignment for the benefit of creditors proceeding. However, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." Gonzalez, 814 F.3d at 1028 (finding an agency's decision discretionary under the FTCA exception). Moreover, the Federal Defendants point to the following statutory language specifically granting HHS discretion in these functions:

    The Secretary *may* take the following actions with respect to a finding that a
    [nursing] facility has not met an applicable requirement:
(i) Denial of payment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

> The Secretary *may* deny any further payments to the State for medical assistance furnished by the facility to all individuals in the facility or to individuals admitted to the facility after the effective date of the finding.
> (ii) Authority with respect to civil money penalties
> (I) In general
> Subject to subclause (II), the Secretary *may* impose a civil money penalty in an amount not to exceed $10,000 for each day of noncompliance…
> (II) Reduction of civil money penalties in certain circumstances
> Subject to subclause (III), in the case where a facility self-reports and promptly corrects a deficiency for which a penalty was imposed under this clause not later than 10 calendar days after the date of such imposition, the Secretary *may* reduce the amount of the penalty imposed by not more than 50 percent.
> …
> (iii) Appointment of temporary management
> In consultation with the State, the Secretary *may* appoint temporary management to oversee the operation of the facility and to assure the health and safety of the facility's residents, where there is a need for temporary management…

42 U.S.C. § 1396r(h)(3)(C) (emphasis added). Further, "[t]he Secretary *may* continue payments, over a period of not longer than 6 months after the effective date of the findings, under this subchapter with respect to a nursing facility not in compliance with a requirement of subsection (b), (c), or (d), if" additional requirements are met Id. § 1396r(h)(3)(D).

      Similarly, as for USTP, the Federal Defendants note that pursuant to 28 U.S.C. § 586(a)(3), "Each United States trustee, within the region for which such United States trustee is appointed, shall… supervise the administration of cases and trustees in cases under chapter 7, 11 (including subchapter V of chapter 11), 12, 13, or 15 of title 11 by, whenever the United States trustee *considers it to be appropriate*…" (emphasis added). The Court agrees with the Federal Defendants that the plain language of these statutes implies discretion. See, e.g., Kingdomware Techs., Inc. v. United States, 579 U.S. 162, 171 (2016) ("[T]he word 'may'… implies discretion[.]"). The Court therefore finds that, to the extent plaintiff alleges that HHS and USTP violated a duty to investigate and prosecute SAVA, such activities are not mandatory duties, but are rather committed to the agencies' discretion and involve the agencies' judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'  JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

Turning to the second step of the Supreme Court's test, assuming *arguendo* that HHS and USTP had the investigative and prosecutorial duties that plaintiff alleges, the Court finds that such decisions are susceptible to policy analysis and involve "the kind [of judgment] that the discretionary function exception was designed to shield." See Gonzalez, 814 F.3d at 1027.  As a threshold matter, "[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." United States v. Gaubert, 499 U.S. 315, 324 (1991).  Furthermore, deciding whether, when, and how to investigate and prosecute private entities and individuals, including which sanctions to impose on them, "require[s] the agency to establish priorities for the accomplishment of its policy objectives by balancing the objectives sought to be obtained against such practical considerations as staffing and funding." See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 820 (1984).  Accordingly, the Court finds that, if and when HHS and USTP make these determinations, they are exercising discretionary authority "of the most basic kind."[6]  See id.

Finding that both prongs have been satisfied, the Court concludes that the discretionary function exception to the FTCA applies to plaintiff's proposed amended claims against the Federal Defendants.  As such, the Court lacks jurisdiction over them and finds that leave to amend plaintiff's complaint would be futile.  See Bennett v. United States, 974 F.2d 1341, 1992 WL 214545, *3 (9th Cir. Sept. 2, 1992) (Unpub. Disp.) (affirming dismissal of FTCA claim, which was barred by the discretionary function exception, without leave to amend, because "[f]urther attempts to amend the complaint would have been futile.").

---

[6] The Court acknowledges that the Federal Defendants argue that USTP "has no legal ability or duty to supervise state court insolvency proceedings such as assignments for the benefit of creditors" and that "[i]t is unclear under what authority Plaintiff is claiming HHS had a duty to monitor the activities at a particular nursing home." Fed. Opp. at 7.  However, even if such duties were identified, the Court finds that the discretionary function exception applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'  JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

In his written statement submitted the morning of oral argument, plaintiff appears to request a second opportunity to amend his complaint, to assert a 42 U.S.C. § 1983 ("Section 1983") claim pursuant to Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 180 (2023). The Court finds that leave to amend for this reason would be futile. Talevski held that nursing home residents could sue government-certified nursing facilities pursuant to Section 1983 to uphold certain rights under the Federal Nursing Home Reform Act, 42 U.S.C. § 1396r *et seq.* ("FNHRA"). Talevski, 599 U.S. at 180. It did not enable plaintiffs to sue the United States or its agencies for violations of the FNHRA. Insofar as Talevski is relevant at all to the instant case, it appears that it could only implicate plaintiff's claims against SAVA, not plaintiff's claims against the Federal Defendants. Accordingly, to the extent that plaintiff seeks another opportunity to amend his claims against the Federal Defendants for this reason, the Court denies his request.

Having dismissed plaintiff's claims against the Federal Defendants and denied the instant motion for leave to amend due to sovereign immunity, the Court finds it appropriate to dismiss plaintiff's claims against the Federal Defendants with prejudice. "Because sovereign immunity is a jurisdictional bar, the Ninth Circuit has affirmed dismissals with prejudice where plaintiff's complaint fell within… the discretionary function… exception[] to the FTCA." Ard v. F.D.I.C., 770 F. Supp. 2d 1029, 1042 (C.D. Cal. 2011). See, e.g., Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the Frigards redraft their claims to avoid the exceptions to the FTCA. Thus, the district court did not abuse its discretion in dismissing the action with prejudice.") (citations omitted). Because the Court finds that plaintiff's claims against the Federal Defendants invoke the FTCA's discretionary function exception and are barred by sovereign immunity, the Court dismisses these claims with prejudice.

**B.    Declination of Supplemental Jurisdiction**

Recognizing that the basis of removal of this case was the status of the Federal Defendants as federal agencies, and having now dismissed plaintiff's claims against them and found that leave to amend would be futile, the Court declines to exercise jurisdiction over plaintiff's remaining claims. Accordingly, the Court also declines to rule on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

State Defendants' opposition to plaintiff's motion for leave to amend or their motion to dismiss.

The Court recognizes that plaintiff had an independent right to sue in federal court because of his RICO claim. See Compl. at 6. However, "state courts have concurrent jurisdiction to consider civil claims arising under RICO." Tafflin v. Levitt, 493 U.S. 455, 467 (1990). In these circumstances, as recognized by Wright and Miller, the supplemental jurisdiction analysis is not limited to only state law claims. Specifically,

> The district court can exercise its discretion to decline jurisdiction over the supplemental claims if the federal agency drops out of the case, or even if the federal defendant remains a litigant. Whether the supplemental claims should be remanded if the federal officer's "anchor" claim is dismissed or settled, or if the supplemental claims have been asserted against non-federal parties, depends on considerations of comity, federalism, judicial economy, and fairness to litigants.

C. Wright & A. Miller, 14C Fed. Prac. & Proc. Juris. § 3726 (Rev. 4th ed.). Here, having dismissed the "anchor" claim against the Federal Defendants, the Court proceeds to consider comity, federalism, judicial economy, and fairness to litigants to determine if the exercise of federal jurisdiction is appropriate.

As for comity, state courts are empowered to exercise jurisdiction over all of the remaining claims, most of which are purely questions of state law. Federalism concerns are not prevalent here, because no novel federal issues are presented, and state courts routinely handle RICO cases. Additionally, judicial economy weighs heavily toward remand, as this case is at an early stage. Further, a related case—S. David Sedaghat v. Sava Seniorcare Administrative Services, LLC, et al., Case No. 23STCV26363—remains in state court, pending since October 2023, which plaintiff intends to consolidate with the instant case. See dkt. 13, Ex. A; dkt. 13 at 2. A third, potentially related wrongful death case, Nasser Sedaghat v. Tarzana Health and Rehabilitation Center, Case No. BC700483, has also been pending in Los Angeles County Superior Court since April 2018. See Los Angeles County Superior Court Online Case Summary, https://www.lacourt.org/casesummary/ui (search case number BC700483 (last visited April 18, 2025)).[7] It appears to the Court that it would preserve judicial resources for one

---

[7] The Court takes judicial notice of the state court's publicly available information. See Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'  JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

court to hear all three of these actions. Plaintiff has also stated that his preference is for these cases to be heard by the same court. See dkt. 37.

Fairness to litigants also favors remand, as plaintiff filed his claim in state court and initially requested remand to state court.[8]  See dkt. 13.  It therefore appears that remand will enable plaintiff to litigate in his forum of choice.  The only defendants that opposed plaintiff's motion to remand, the Federal Defendants, expressly stated that they had no objection to remand following their dismissal.  See dkt. 19 at 3.  Further, at the Court's hearing on February 24, 2025 regarding the State and Federal Defendants' motions to dismiss, counsel for the State Defendants stated "that their preference would be for the Court to remand the claims against them to Los Angeles County Superior Court."  Dkt. 24 at 12.  As all factors weigh in favor of remand, the Court declines to exercise jurisdiction over the remaining claims.  See also Gehant v. Air & Liquid Sys., Corp., No. CV 19-732-SDD-EWD, 2021 WL 4317284, at *4 (M.D. La. Aug. 31, 2021), report and recommendation adopted, No. CV 19-732-SDD-EWD, 2021 WL 4314580 (M.D. La. Sept. 22, 2021) (citing C. Wright & A. Miller, 14C Fed. Prac. & Proc. Juris. § 3726 (Rev. 4th ed.)) (declining to exercise jurisdiction over remaining claims after section 1442 removal when all claims against federal defendant had been dismissed, even though the court would have had original jurisdiction over general maritime claim filed in admiralty law against the remaining defendant).

Accordingly, this Court declines to exercise federal jurisdiction over the remaining claims and remands this case to Los Angeles County Superior Court.

///

///

///

---

notice of undisputed matters of public record… including documents on file in… state courts."); see also Porter v. Ollison, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those on the Internet, from state court proceedings).
[8] The Court denied plaintiff's motion to remand on February 24, 2025 because removal was proper pursuant to 28 U.S.C. § 1442(a)(1) and the "anchor" claims against the Federal Defendants had not yet been fully adjudicated.  See dkt. 24 at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-10884-CAS-PDx | Date | April 28, 2025 |
|---|---|---|---|
| Title | S. David Sedaghat v. Jerry Roles et al. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to the extent it seeks leave to amend the previously dismissed claims against the Federal Defendants. The Court **DISMISSES** plaintiff's claims against the Federal Defendants with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining claims and **REMANDS** this case to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 : 13 |
|---|---|
| Initials of Preparer | CMJ |